UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CAROL J. TAYLOR, ) | |
| ) | Case No. 1:03-cv-1009 |
| Plaintiff, ) | |
| ) | <u>CLASS ACTION</u> |
| v. ) | |
| ) | MDL Case No. 1:03-md-1552 |
| UNUMPROVIDENT CORP., *et al.*, ) | |
| ) | Judge Curtis L. Collier |
| Defendants. ) | |

**M E M O R A N D U M**

This Court has been assigned by the Judicial Panel on MultiDistrict Litigation ("MDL") a number of class action lawsuits against UnumProvident Corporation, related entities, employees and securities underwriting firms. This particular case was filed in the Circuit Court for Shelby County, Tennessee in the Thirtieth Judicial District at Memphis on April 30, 2003 by Carol J. Taylor ("Plaintiff") on behalf of herself and all others similarly situated.

The case was removed from the Circuit Court for Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. Plaintiff, both at the time of the filing of her action and as of the date of the filing of the joint notice of removal, was and is a resident of Arkansas. Unum Life, the insurer of the policy issued to Plaintiff, both at the time of filing the Civil Action and as of the filing of the joint notice of removal, was and is incorporated under the laws of the state of Maine with its principal place of business in Portland, Maine.

On September 2, 2003, the Judicial Panel on Multidistrict Litigation transferred this and four

other civil actions to the United States District Court for the Eastern District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. With the consent of the Judicial Panel on Multidistrict Litigation, all such actions have been assigned to this Court.

Pending before the Court now is Defendants' Motion for Summary Judgment (Court File No. 87) filed by Defendants UnumProvident Corporation, Unum Life Insurance Company of America, The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First Unum Life Insurance Company and Colonial Life and Accident Insurance Company ("Defendants"). The Court in this Memorandum and Order will address and dispose of three issues raised in Defendants' motion (Court File No. 87),[1] reserving ruling on certain other issues.

The first issue addresses involved a claim by a subset of subset of subsidiary defendants that Plaintiff has no relationship, contractual or otherwise, with them. This subset of Defendants ("Non-Insuring Subsidiary Defendants") asserting a lack of relationship to Plaintiff includes the following companies: The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First Unum Life Insurance Company, and Colonial Life and Accident Insurance Company.

The second issue addresses Unum Defendants claim Plaintiff is not entitled to prospective equitable relief on her breach of contract claims.

The third issue addresses Defendants claim they are entitled to summary judgment on

---

[1] This Memorandum and accompanying Order do not address Defendant Unum Life Insurance Company of America and Defendant UnumProvident Corporation's ("Unum Defendants") motion for summary judgment on Counts III, IV and VI and for partial summary judgment on Count II, which are also contained in Court File No. 87.

Plaintiff's claim for punitive damages under the Tennessee Consumer Protection Act. Tenn. Code Ann. § 47-18-101, *et. seq.* ("TCPA").

For the following reasons the Court will **GRANT** Non-Insuring Subsidiary Defendants' motion for summary judgment on all claims. Further, the Court will **GRANT** Unum Defendants' motion for summary judgment with respect to Plaintiff's request for equitable relief on her breach of contract claims; **GRANT** Defendants' motion for summary judgment as to Plaintiff's claim for punitive damages under the TCPA, and will **RESERVE RULING** on all other issues in Defendants' Motion for Summary Judgment (Court File No. 87). Finally, the Court will **DENY** the parties' request for oral argument.

## I.  STANDARD OF REVIEW

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to conclusively show no genuine issue of material fact exists. *Leary v. Daeschner,* 349 F.3d 888, 897 (6th Cir. 2003); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The Court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Oakland Gin Co. v. Marlow*, 44 F.3d 426, 429 (6th Cir. 1995); *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 250 (6th Cir. 1994).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party

may not rest on its pleadings but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Lansing Dairy*, 39 F.3d at 1347; *see also Guarino v. Brookfield Twp Trs.*, 980 F.2d 399, 404-06 (6th Cir. 1992) (holding courts do not have the responsibility to search the record *sua sponte* for genuine issues of material fact). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). The standard for summary judgment mirrors the standard for directed verdict. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy*, 39 F.3d at 1347.

### B. Effect of a Failure to Respond to Opponent's Argument

Plaintiff failed to respond to certain of Defendants' arguments. Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought. E.D. TN. LR 7.2. A responding party waives any opposition to an opponent's argument in one of two ways: either by expressly conceding a point or by failing to respond to opponent's argument. *See Guster v.*

*Hamilton County Dep't of Educ.,* 2004 WL 1854181, *7 (E.D. Tenn. March 2, 2004) (holding that an argument not addressed in a responding party's brief is deemed waived); *Kelsay v. Hamilton County*, 2003 WL 23721334, *4 (E.D. Tenn. December 9, 2003).

## II.     PROCEDURAL HISTORY

In her complaint, Plaintiff seeks redress for an alleged nationwide scheme of practices by Defendants relating to the sale and servicing of their long term disabilities policies. In essence, Plaintiff contends Defendants devised and implemented a scheme to improperly handle and deny legitimate claims filed by its policyholders and beneficiaries (For a fuller and more complete description of the alleged illegal claims handling scheme see Complaint, Court File No. 1, and *Gee v. UnumProvident Corp.*, 2005 WL 534873 (E.D. Tenn. January 13, 2005).) The complaint was brought under Rule 23 of the Tennessee Rules of Civil Procedure on behalf of all persons who have or had at the time of the termination of benefits under their policy an ownership interest in certain policies issued, serviced and/or administered by Defendants. Plaintiff seeks injunctive and equitable relief, damages and other remedies for Defendants' conduct in connection with the sale and administration of policies to Plaintiff. Defendants also request an opportunity to make oral argument in support of their motion.

## III.     RELEVANT FACTS

Plaintiff was employed by the University of Arkansas until February 23, 2001. In 1991, she enrolled for coverage under a group long term disability policy (the "Policy") issued through the University by Defendant Unum Life. In March 2001, Plaintiff submitted a claim for benefits under

the Policy, which was denied on September 19, 2001. Complaint ¶ 4. According to paragraph two of the Declaration of Catherine Morrissette ("Morrissette Declaration")(Court File No. 88), a Senior Specialist at UnumProivident Corporation, Non-Insuring Subsidiary Defendants did not issue an insurance policy or contract of insurance to Plaintiff. Further, Plaintiff has not made a claim for disability benefits to Non-Insuring Subsidiary Defendants pursuant to a written insurance policy or contract of insurance. Morrissette Declaration ¶ 3.

## IV.   DISCUSSION

The Court will summarize the parties' arguments. Non-Insuring Subsidiary Defendants assert in their motion and supporting declaration Plaintiff cannot demonstrate any relationship (contractual, fiduciary or otherwise) with any of the Non-Insuring Subsidiary Defendants. Further, Non-Insuring Subsidiary Defendants also point out Plaintiff has not identified any misrepresentation made by any of these defendants upon which she relied to her detriment. Plaintiff does not address these arguments in her response brief (Court File No. 99).

As mentioned above, Plaintiff requests various forms of equitable relief in her Complaint. Defendants argue in their motion Plaintiff has an adequate remedy at law by virtue of her claim for contract damages under her Policy. To support her claim for prospective equitable relief in the claims handling process, Plaintiff's response merely references the alleged improper claims handling procedures which resulted in the denial of Plaintiff's benefits and cites no authority which would support her claim for equitable relief. Defendant reply brief asserts that Plaintiff "offers no response to Defendants' argument that, to the extent that she seeks prospective equitable relief in the form of new claims handling procedures, such relief is unavailable because it is moot and because she has

not established standing to raise such an issue." Defendant asserts Plaintiff "essentially concedes as much" in footnote 8 of Plaintiff's response brief. Footnote 8 discusses a Regulatory Settlement Agreement ("RSA") entered into between Defendant Unum and a large number of state insurance regulatory agencies. The footnote describes the RSA as a "forward looking agreement which provides both for a correction to Defendants' claim procedures and continuing oversight."

Finally, Plaintiff's general prayer for relief seeks punitive damages for unspecified claims in her Complaint. Defendants argued even if the TCPA were applicable in this case, punitive damages are not available under the TCPA. Plaintiff's response conceded punitive damages are not available under the TCPA, but states that treble damages are available.

### A.     Lack of Relationship with Non-Insuring Subsidiary Defendants

Defendants' motion for summary judgment argues Plaintiff fails to demonstrate any relationship (contractual, fiduciary or otherwise) with any of the Non-Insuring Subsidiary Defendants. As this is an essential element of Plaintiff's case with respect to which she has the burden of proof, Defendants are entitled to summary judgment unless the Plaintiff sets forth some evidence supporting this element. A review of the record does not reflect any such evidence. Moreover, Plaintiff's response brief did not discuss or address Defendants' argument Non-Insuring Subsidiary Defendants should be dismissed for lack of a relationship with any of the companies. As the party seeking to avoid summary judgment, Plaintiff was obligated to address this argument if she wanted this claim to survive.

Plaintiff contends Tennessee law applies to the six counts against the Non-Insuring Defendants. Defendant disputes this and argues Arkansas law applies to the Plaintiff's claims. The Court finds it unnecessary to resolve this dispute at this time. For the sole purpose of summary

judgment on the issue of a lack of relationship with Non-Insuring Subsidiary Defendants, the Court will give Plaintiff's contention the benefit of the doubt and assume Tennessee law governs. The Court then will go through the elements of Tennessee law for each of the six counts in the complaint to determine whether Plaintiff has put forth evidence to support her claims against this subset of defendants.

Count I of the complaint is a breach of contract claim. In Tennessee, "[t]he essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Burch v. Gilliam Commc'ns, Inc.,* 2005 WL 2373418, *2 (W.D.Tenn. September 26, 2005)(*quoting Craft v. Forklift Sys., Inc.,* 2003 WL 21642767, *4 (Tenn. Ct. App. July 14, 2003)). Plaintiff has failed to put forth any evidence of the existence of an enforceable contract with Non-Insuring Subsidiary Defendants. Nor has the Plaintiff put forth any evidence of Non-Insuring Subsidiary Defendants' nonperformance of a contractual duty which caused Plaintiff damages. Accordingly, the Court must grant summary judgment on this claim.

In Count II of the complaint, Plaintiff alleges "unfair and deceptive conduct was done with intent to, and did, deceive Plaintiff..." In the face of the motion for summary judgment, Plaintiff sets forth no evidence of deceptive conduct by any Non-Insuring Subsidiary Defendant directed toward the Plaintiff. Accordingly, the Court must grant summary judgment on this claim.

Count III alleges a fraudulent inducement. Under Tennessee law, the five elements of an action for fraudulent inducement to contract are: (1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right

to rely on the statement; (5) an injury resulting from the reliance. *Lamb v. MegaFlight, Inc.,* 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000). Plaintiff has put forth no evidence of a false statement made with knowledge of the statement's falsity or utter disregard for its truth by any Non-Insuring Subsidiary Defendant as she was required to do to survive summary judgment. Accordingly, the Court must grant summary judgment on this claim.

Count IV asserts the Non-Insuring Subsidiary Defendants made a negligent misrepresentation. In Tennessee, persons asserting a negligent misrepresentation claim must prove: (1) the defendant was acting in the course of its business, profession, or employment, (2) the defendant supplied false information for the guidance of others in its business transactions, (3) the defendant failed to exercise reasonable care in obtaining or communicating the information, and (4) the plaintiff justifiably relied on the information. *Sears v. Gregory*, 146 S.W.3d 610, 621 (Tenn. Ct. App. 2004). Plaintiff has submitted no evidence of reliance upon a misrepresentation or omission of facts made by Non-Insuring Subsidiary Defendants. Again, the Court must grant summary judgment on this claim.

In Count V, Plaintiff alleges a breach of fiduciary duty. In Tennessee, it is well settled law a tort cannot be predicated on a breach of contract. *Calipari v. Powertel, Inc.,* 231 F. Supp.2d 734, 736 (W.D.Tenn. 2002) *(citing Palmer v. Nationwide Mutual Ins. Co.,* 945 F.2d 1371, 1375 (6th Cir.1991)). A tort exists only if a party breaches a duty which he owes to another independently of the contract. *Id.* Plaintiff has not alleged Non-Insuring Subsidiary Defendants owed any independent duty to Plaintiff. This pleading deficiency is not obviated by Plaintiff's allegation that Non-Insuring Subsidiary Defendants intentionally breached a contract, even if Plaintiff had submitted evidence of a contractual relationship with Non-Insuring Subsidiary Defendants. *Id.*

"The Tennessee Supreme Court has held that a willful breach of contract does not transform a breach of contract into a tort." *Calipari,* 231 F. Supp.2d at 736. *See Mid-South Milling Co., Inc. v. Loret Farms, Inc.,* 521 S.W.2d 586, 588 (Tenn.1975). The Court will grant summary judgment on this claim.

Count VI of the complaint rests in "Asumpsit [sic] or Money Had and Received." An action for assumpsit would require Plaintiff to have paid money to the Non-Insuring Subsidiary Defendants. There is no evidence on the record Plaintiff made any such payment. Summary judgment must be granted as to this claim.

From the above the Court has concluded Non-Insuring Subsidiary Defendants have properly pointed out a lack of evidence sufficient to support a motion certain of Plaintiff's claims under Rule 56. Plaintiff is not entitled to a trial merely on the basis of her allegations contained in her complaint. Plaintiff may not rest on her pleadings but must come forward with some significant probative evidence to support her claims. *Celotex Corp.*, 477 U.S. at 324. As pointed out above, Plaintiff has not come forward with any such probative evidence. Therefore, Non-Insuring Subsidiary Defendants are entitled to summary judgment on all counts in the complaint. Further, in the absence of any evidence or argument to the contrary from Plaintiff in her response brief, the Court can only conclude Plaintiff concedes she has no relationship with Non-Insuring Subsidiary Defendants. *Guster,* 2004 WL 1854181 at *7. The Court deems Plaintiff to have waived opposition to the summary judgment motion. *Id.* Therefore, Defendants The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First Unum Life Insurance Company, and Colonial Life and Accident Insurance Company are entitled to summary judgment on all counts of the complaint.

**B.     Prospective Equitable Relief on Plaintiff's Breach of Contract Claims**

Defendant argues Plaintiff "cannot avail herself of ... equitable relief because she has an adequate remedy at law ..." Court File No. 99-1 at 10. In the face of this argument, Plaintiff was required to point to evidence supporting her claim. Unfortunately, Plaintiff sets forth no facts or evidence nor any legal authority which entitles her to either injunctive or prospective equitable relief on her breach of contract claims. Unum Defendants correctly point out the jury will first hear her breach of contract claim. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73 (1962). If Plaintiff prevails, she will receive her monetary benefits. If, instead, the jury finds the denial of her benefits was correct, then she will neither receive nor be entitled to any relief in equity. Either way, there would be no injunctive or equitable relief for her contract claims.

In response to this argument, Plaintiff argues equitable relief is necessary because Defendants engaged in a pattern of improperly denying claims to meet financial targets. Plaintiff's response brief merely states a "simple contract remedy would not be enough" to require Unum Defendants to fix the claims procedure to make it fair and equitable. Court File No. 99-1 at 15. Plaintiff then points to the thousands of proposed Class Members who are still at risk of having their claims denied in the future and asks this Court to deny Unum Defendants' "attempts to minimize Plaintiff's claims as an isolated incident." Id.

Unum Defendants have carried their burden to conclusively show no genuine issue of material fact exists regarding the entitlement of equitable relief on the Plaintiff's breach of contract claim. Plaintiff cites no legal authority in her response brief to support her claim for equitable relief on her breach of contract claim. Accordingly, the Court will **GRANT** Unum Defendants' motion for summary judgment with respect to Plaintiff's request for equitable relief for her breach of

11

contract claim.

### C. Punitive Damages under the TCPA

Plaintiff's general prayer for relief seeks punitive damages for unspecified claims in her Complaint. Assuming the TCPA does apply, punitive damages are not available under the TCPA. *Smith Corona Corp. v. Pelikan*, 784 F. Supp. 452, 482 (M.D. Tenn. 1992); *Paty v. Herb Adcox Chevrolet Co.*, 756 S.W.2d 697 (Tenn. Ct. App. 1988) (allowing treble damages where defendant's conduct is willful and knowing). Further, in Plaintiff's response brief, Plaintiff expressly concedes "ordinary punitive damages are not permissible under the Tennessee Consumer Protection Act..." Court File No. 99-1 at 15. As Plaintiff is not entitled to punitive damages arising from the TCPA as a matter of law, the Court will **GRANT** Defendants' motion for summary judgment as to any claim Plaintiff may make for punitive damages under the TCPA.

### V.    CONCLUSION

For the reasons stated above, the Court will **GRANT** Non-Insuring Subsidiary Defendants' motion for summary judgment on all claims. Further, the Court will **GRANT** Unum Defendants' motion for summary judgment with respect to Plaintiff's request for equitable relief on her breach of contract claim and any claim Plaintiff may make for punitive damages under the Tennessee Consumer Protection Act. The Court will **RESERVE RULING** on all other issues in Defendants' Motion for Summary Judgment. Finally, the Court will **DENY** the parties' request for oral argument.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**